## KELLEY *v.* DOVER.

A confession of the plaintiff's action, under the provisions of the Revised Statutes, chapter 187, section 2, admits only the traversable allegations of the declaration and the amount of the consequential damages confessed, and no greater damages can be recovered, without further proof.

CASE. The plaintiff declared that he was possessed of a horse, of the value of $200, and was riding him upon a bridge, which the town of Dover was bound to keep in repair, as a part of one of the streets in that town; that by reason of a defect in the covering of the bridge the horse fell through it, and was lamed, bruised, and greatly injured, and the plaintiff was then and there thrown with great violence upon the horse's neck, and the plaintiff's stomach was sprained, and his life endangered.

The cause of action was variously set forth in other counts, but to the same effect in substance.

The defendants pleaded as follows :

"And the said town of Dover comes and defends, and when, &c., and confesses the cause of action in the plaintiff's declaration aforesaid, mentioned and set forth to the extent and amount hereinafter mentioned, and that the said plaintiff hath, from the causes in said declaration mentioned, sustained damages to the amount of ten dollars, and no more; which sum of ten dollars the said town of Dover hath always been ready and willing to pay to the said plaintiff, and bring the same into court here, for that purpose; and as to the rest and residue of said declaration, and of the causes of action therein set forth and alleged, and all damages therein claimed by said plaintiff, over and above the amount aforesaid, they, the said town of Dover, say that they are not guilty in manner and form, as the plaintiff hath thereof alleged against them, the said town," &c.

On the part of the plaintiff, evidence was introduced to show the extent of the damage sustained by him.

The court instructed the jury that it was not competent for them to find, upon the evidence furnished by the pleadings in the case, that the plaintiff had sustained any damage beyond the sum of ten dollars, which the plea expressly confessed; but that if they were satisfied, upon the evidence introduced and laid before them, that greater damage had been sustained, they should return a verdict for such greater sum.

The jury returned a verdict in favor of the defendant, and the plaintiff, having excepted to the instructions, moved to set it aside.

*Woodman*, for the plaintiff, contended that the jury might consider whether the cause of action, as confessed in terms by the defendant upon the record, would or would not, of necessity, and from its very nature, be attended with a damage to the plaintiff greater than the amount confessed.

*Christie*, for the defendant.

GILCHRIST, J. "In any action the defendant may confess the plaintiff's action in any part thereof, and that the plaintiff is entitled to recover certain real estate, or a certain amount of debt or damages, and plead to the residue of his claim; and if the plaintiff shall afterward prosecute his action, and shall not recover more than is so confessed, the defendant shall recover his costs from the date of such confession." Rev. Stat., chap. 187, sec. 2.

Under this provision of the law the defendant in this action has confessed the plaintiff's action in part, and that he is entitled to recover, for the cause set forth in his count, a certain amount of damages, and has, as to the

residue of the plaintiff's claim, pleaded the general issue.

' This is a mere admission of the traversable allegations of the plaintiff's count, and that damage, to the extent confessed, has resulted. It is an admission similar to that which is made by paying money into court, in proper cases, under the common rule. It seems to have been the design of the statute to provide for all actions a proceeding analogous to the common rule, but of somewhat broader reach and application, by which a defendant may protect himself against the expense and vexation of the proof of facts which he does not desire to controvert, and debts and damages which he is willing to admit.

Where the claim, as in the present case, is not capable of being divided into distinct parts or items, or where, as in the case of an account, or in an action to recover a sum of money for several distinct matters, the defendant does not choose to single out for contestation, or for admission, particular items, but to insist upon this kind of an offer as a gross sum, the beneficial ends of the statute would wholly fail of being accomplished, if the confession of " the plaintiff's action, or any part thereof," should be held for an admission of all the items of the account, as stated, and of all the facts, as alleged, and of all the matters of aggravation with which the plaintiff, in the exercise of caution and vigilance, sees fit to complete his declaration, or that there did not exist circumstances sufficient to mitigate the damages that might be presumed to be the result of the facts admitted.

We think it quite clear that the instructions given by the court at the trial were entirely correct, and such only as a just construction of the statute can sustain. The confession of the plaintiff's action admits that he, or his horse, or both, suffered a damage through the insufficiency of the bridge which the party defendant was bound to keep in repair; but it does not appear that the horse was much

damaged by the fall, or that he was worth $200, or that the plaintiff, though hurt, was in despair, or reasonable apprehension for his life, by reason of his bruises. All these matters of mere description are admitted no further than to the extent of entitling the plaintiff to the damages confessed. Beyond that he must prove them, or submit to take the judgment tendered, and go out of court. There must, therefore, be

*Judgment on the verdict.*